**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3602
_____

MARK S. FRAZIER,
                              Appellant

v.

CITY OF PHILADELPHIA; COMMONWEALTH OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-15-cv-06878)
District Judge:  Honorable Michael M. Baylson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 15, 2018

Before: VANASKIE, COWEN, and NYGAARD, Circuit Judges

(Opinion filed: March 16, 2018)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

In January 2016, the District Court dismissed, without prejudice, Mark Frazier's pro se civil rights complaint against the Commonwealth of Pennsylvania and the City of Philadelphia. In February 2016, Frazier filed an amended complaint. It appears that, over the course of the next year, the defendants were not served and Frazier did not take any action in the case. As a result, on February 28, 2017, the District Court dismissed the case for failure to prosecute. Then, in both August 2017 and October 2017, Frazier moved the District Court to reopen his case. The District Court denied those two motions in orders entered September 13, 2017, and November 3, 2017, respectively. Frazier subsequently filed a notice of appeal, seeking to challenge the November 3, 2017 order denying his second motion to reopen.

We have jurisdiction under 28 U.S.C. § 1291 to review the District Court's denial of Frazier's second motion to reopen.[1] In that motion, he appeared to allege that "your

---

[1] To the extent that Frazier also seeks to challenge the District Court's February 28, 2017 order dismissing his case and/or its September 13, 2017 order denying his first motion to reopen, we lack jurisdiction to review those orders because he did not timely appeal from either of them. See Fed. R. App. P. 4(a)(1)(A) (establishing 30-day appeal period); Bowles v. Russell, 551 U.S. 205, 209 (2007) (explaining "that the taking of an appeal within the prescribed time is mandatory and jurisdictional") (internal quotation marks omitted). Although there are circumstances in which the timely filing of certain post-judgment motions tolls the time to appeal from an earlier final judgment, see Fed. R. App. P. 4(a)(4)(A), those circumstances are not present here. Frazier's second motion to reopen did not trigger Rule 4(a)(4)(A) because that motion was not filed until October 16, 2017, which was more than 28 days after the District Court's earlier orders. See Fed. R. App. P. 4(a)(4)(A)(iv), (vi); Fed. R. Civ. P. 59(e).

2

order denying a motion"[2] arrived at his local post office on September 20, 2017, but was not given to him the next time he came to pick up his mail.[3] Frazier claimed that the City of Philadelphia "may have coerced this."

Frazier's alleged mail issue, which arose months after the District Court dismissed his case, hardly justified reopening the action. Because we cannot conclude that the District Court erred in denying Frazier's second motion to reopen, we will affirm that decision.[4]

---

[2] It is unclear whether Frazier is referring to the District Court's September 13, 2017 order denying his first motion to reopen.

[3] He alleges that this piece of mail was finally given to him on October 12, 2017.

[4] Although we lack jurisdiction over the District Court's February 28, 2017 order, it should be noted that the absence of service in this case should not have played a role in the District Court's decision to dismiss the action for failure to prosecute. Because the District Court had previously granted Frazier permission to proceed in forma pauperis ("IFP"), it was not Frazier's responsibility to serve the amended complaint. See 28 U.S.C. § 1915(d) (providing that, in IFP cases, "[t]he officers of the court shall issue and serve all process"); see also Fed. R. Civ. P. 4(c)(3) (providing that, in IFP cases, a district court *must* order that service be made by a United States marshal, a deputy marshal, or someone specially appointed by the court). However, it appears that, even if Frazier's case had not been dismissed for failure to prosecute, his amended complaint would have been subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Indeed, it appears that his claims against the Commonwealth of Pennsylvania are barred by the Eleventh Amendment, see Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 697 (3d Cir. 1996), and that his allegations fail to state a claim for municipality liability against the City of Philadelphia, see Vargas v. City of Philadelphia, 783 F.3d 962, 974 (3d Cir. 2015) (explaining that, to prevail on such a claim, the plaintiff must establish the following: "(1) []he possessed a constitutional right of which []he was deprived; (2) the municipality had a policy; (3) the policy amount[ed] to deliberate indifference to the plaintiff's constitutional right; and (4) the policy was the moving force behind the constitutional violation") (last alteration in original) (internal quotation marks omitted).

3